# GREINER, GALLAGHER & CAVANAUGH, L.L.C.

COUNSELORS AT LAW

TIMOTHY R. GREINER *
JEROME F. GALLAGHER, JR.
KATHLEEN CAVANAUGH
LISA M. FADINI
DEIRDRE GALLAGHER

2001 ROUTE 46, SUITE 202
PARSIPPANY, NEW JERSEY 07054-1395

TELEPHONE: (973) 335-7400
FAX: (973) 335-8018

OF COUNSEL
ROBERT A. RECIO

WRITER'S EXTENSION: 104

WRITER'S E-MAIL: kcavanaugh
@greinergallagherlaw.com

* ADMITTED IN NJ & NY

November 27, 2002

VIA UNITED PARCEL SERVICE
Hon. Judith H. Wizmur, U.S.B.J.
United States Bankruptcy Court
Mitchell H. Cohen United States Courthouse
401 Market Street
Camden, NJ 08101

Re:    In re: Russell Carter and Tina Carter
       Case No. 02-16072 (JHW)
       Motion Returnable: December 9, 2002
       Our File No. 2655-015

Dear Judge Wizmur:

This office represents the interests of secured creditor, Irwin Home Equities, Inc. Please accept this letter memorandum in lieu of a more formal brief in response to the Motion filed by Debtors, Russell Carter and Tina Carter (collectively "Debtor"), for an order declaring Irwin Home Equity, Inc.'s mortgage lien to be unsecured and voiding the lien of Irwin Home Equities, Inc.'s mortgage on Debtor's real property commonly known as 711 North Delaware Street, Paulsboro, New Jersey (the "real property").

Debtor admits that Irwin Home Equities, Inc. is a holder of a third mortgage on the real property with a sum outstanding of $10,978.37 at the time of the filing of the petition, as established by Irwin Home Equities, Inc.'s proof of claim. Irwin Home Equities, Inc. has decided not to contest the valuation of the real property and the resulting determination that its claim is unsecured. However, Irwin Home Equities, Inc. does object to the language in Paragraph 1 of the proposed order stating that the mortgage is voided and extinguished "conditioned upon debtor's successful completion of the chapter 13 plan . . ." The provision as written appears to hold that the mortgage is immediately void, subject to reinstatement upon future conditions. It also contains a reference to a property located at 425 Locust Avenue, Lindenwold, New Jersey, which is not the subject of the Motion. Irwin Home Equities, Inc. respectfully requests that Paragraph 1 of the proposed form of Order be replaced with a paragraph stating:

GREINER, GALLAGHER & CAVANAUGH, L.L.C.

Hon. Judith H. Wizmur
November 27, 2002
Page 2

> Upon a determination that the Debtors have successfully completed the Chapter 13 Plan and the grant of a discharge to the Debtors, the lien of the mortgage of Irwin Home Equities, Inc. upon the real property commonly known as 711 North Delaware Street, Paulsboro, New Jersey shall be void, it having been established that the lien claim is unsecured due to the existence of prior and senior liens whose sum total sum exceeds the fair market value of such real property.

Pursuant to 11 *U.S.C.* §1328, the debtor is discharged from his debt only upon successful completion of the Chapter 13 Plan. The United States Bankruptcy Court for the District of New Jersey specifically addressed this issue in the case of *In re Cervelli*, 213 *B.R.* 900 (Bankr. D. N.J. 1997). In *Cervelli*, the Court held that the debtor had the right to cramdown a second mortgage, where the value of the property was less than the value of the first mortgage lien. However, the Court also held:

> However, having so found, the Court specifically cautions that the right of a Chapter 13 debtor to a fresh start in such a circumstance is conditioned upon the debtor's successful completion of a Chapter 13 Plan. Pursuant to § 1328 of the Bankruptcy Code, the debtor is granted a discharge "as soon as practicable after completion by the debtor of all payments under the plan..." 11 *U.S.C.* §§ 1328(a). Section 1327(b) of the Bankruptcy Code further provides:

> Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor. 11 *U.S.C.* §§ 1327(b).

> Underlying the Court's ruling today is a recognition of the philosophy that a Chapter 13 confirmation is a contract between the debtor and his or her creditors. In order for the debtor to receive a fresh start and void a wholly unsecured second or subsequent mortgage lien, the debtor must live up to its part of the confirmation contract and complete the Chapter 13 Plan. It follows then, that a breach of the confirmation contract by the debtor, will return the parties to the status quo as of the time of the filing insofar as the validity of Ocwen's second mortgage is concerned. The second mortgage lien is avoided and removed of record for the reasons aforestated, only upon the successful completion of the debtor's Chapter 13 plan

213 *B.R.* at 909. *See e.g. Ernst v. Bank One, N.A.*, 270 *B.R.* 707, 710 (Bankr. S.D. OH. 2001) ( "The amount of the mortgage lien of Bank One shall be treated as an unsecured claim in this case. Upon the debtors' completion of a confirmed case and the granting of the debtors' discharge, the debtors may submit a separate order canceling the mortgage lien of Bank One.").

GREINER, GALLAGHER & CAVANAUGH, L.L.C.

Hon. Judith H. Wizmur
November 27, 2002
Page 3

      The benefit of a discharge and related rights are only earned by the Debtor upon successful completion of the Plan. For the foregoing reasons, Irwin Home Equities, Inc. respectfully requests that the form of Order entered in this matter be amended to state that the mortgage will be void only upon successful completion of the Chapter 13 Plan and issuance of a discharge to Debtor.

                          Respectfully yours,

                          Kathleen Cavanaugh

cc:    Ronald E. Norman, Esq. (Via United Parcel Service)
       Isabel C. Balboa, Chapter 13 Trustee (Via United Parcel Service)
       Irwin Home Equities, Inc. (Via Regular Mail)

GREINER, GALLAGHER & CAVANAUGH, L.L.C.

Hon. Judith H. Wizmur
November 27, 2002
Page 4

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that a true copy of the attached letter memorandum of law was served on November 27, 2002 via United Parcel Service Next Day Delivery, upon Ronald E. Norman, Esq., counsel to Debtors, and Isabel C. Balboa, Chapter 13 Trustee, at their last known addresses as follows:

Ronald E. Norman, Esq.
901 Route 168, Suite 407A
Turnersville, NJ 08012

Isabel C. Balboa, Esq.
Cherry Tree Corporate Center
535 Route 38, Suite 580
Cherry Hill, NJ 08002

Kathleen Cavanaugh

Dated: November 27, 2002

# GREINER, GALLAGHER & CAVANAUGH, L.L.C.

COUNSELORS AT LAW

TIMOTHY R. GREINER *
JEROME F. GALLAGHER, JR.
KATHLEEN CAVANAUGH
LISA M. FADINI
DEIRDRE GALLAGHER

2001 ROUTE 46, SUITE 202
PARSIPPANY, NEW JERSEY 07054-1395

TELEPHONE: (973) 335-7400
FAX: (973) 335-8018

OF COUNSEL
ROBERT A. RECIO

WRITER'S EXTENSION: 104

WRITER'S E-MAIL: kcavanaugh
@greinergallagherlaw.com

* ADMITTED IN NJ & NY

November 27, 2002

VIA UNITED PARCEL SERVICE
Clerk,
United States Bankruptcy Court
Mitchell H. Cohen United States Courthouse
401 Market Street
Camden, NJ 08101

  Re: In re: Russell Carter and Tina Carter
    Case No. 02-16072 (JHW)
    Motion Returnable: December 9, 2002
    Our File No. 2655-015

Dear Sir/Madam:

This office represents the interests of secured creditor, Irwin Home Equities, Inc. We enclose an original and two copies of a letter memorandum in lieu of a more formal brief with attached Certificate of Service in response to the Motion filed by Debtors, Russell Carter and Tina Carter, for an order voiding the lien of Irwin Home Equities, Inc.'s mortgage on Debtor's real property commonly known as 711 North Delaware Street, Paulsboro, New Jersey. Please file the original and return a copy, stamped "filed," to this office in the enclosed self-addressed, stamped envelope.

Thank you for your assistance.

            Very truly yours,

            Kathleen Cavanaugh

Encl.

cc: Hon. Judith H. Wizmur, U.S.B.J. (Via United Parcel Service)
   Ronald E. Norman, Esq. (Via United Parcel Service)
   Isabel C. Balboa, Chapter 13 Trustee (Via United Parcel Service)
   Irwin Home Equities, Inc. (Via Regular Mail)